COMMONWEALTH *vs.* JOSEPH LEGENDRE, THIRD. No. 87-895. February 4, 1988. *Jury and Jurors. Constitutional Law,* Jury. *Practice, Criminal,* Challenge to jurors.

During jury selection, defense counsel challenged all five women provisionally seated after the Commonwealth had exercised its peremptory challenges. Apprehensive about an attempt to purge the jury of an identifiable population group — women — in violation of the proscription first announced in *Commonwealth* v. *Soares,* 377 Mass. 461, 489-491 (1979), the trial judge inquired of defense counsel about his reasons for the challenges. Upon hearing defense counsel's explanations, the judge announced that he would allow the challenges, but that the presumption of the regularity of those challenges "has been strained to its breaking point."

Of the next five jurors drawn in replacement of the women excused, four were men and one was a woman. Defense counsel challenged the woman. Asked his reason by the judge, defense counsel explained that he and his client were concerned because the prospective juror lived in Littleton and the indictments to be tried — aggravated rape, kidnapping, unarmed robbery, and indecent assault and battery — would involve evidence concerning the defendant's movements over roadways in Littleton. The judge determined that the presumption of valid use of the peremptory challenge had been rebutted and that the defense had failed to meet its burden of demonstrating its challenge was in good faith, i.e., for a reason other than gender. The judge directed the juror to remain in her seat.

The Commonwealth challenged one of the four men drawn in replacement of the five women initially challenged by the defense. The next provisional juror called was a woman. She was peremptorily challenged by the defense. Again the judge indicated that he suspected a pattern of gender exclusion and asked why the defense had exercised its challenge. The reason offered was that the woman's former husband was a police officer in Lowell and that two brothers-in-law were police officers in Manchester, New Hampshire.

The judge found that the challenge had been made "because she [the provisonal juror] is a female and a member of a discrete group, and for no other good reason. . . ." The juror was seated.

In his appeal from convictions on all indictments, the defendant argues that, even were one to grant that the first five challenges were designed to prune women from the jury and that further challenges of women were suspect, the reasons proffered by the defense in the last two challenges were solid ones. The argument proceeds that, in view of the justification offered, the last two challenges ought to have been evaluated on their individual merits, without regard to the pattern established by the first five challenges.

Indeed, a bona fide exercise of the peremptory challenge (see Mass.R.Crim.P. 20[c], 378 Mass. 890 [1979]) ought to be honored, notwithstanding a pattern of suspect challenges, but that is a question-begging assertion. The very question is whether the challenge is in good faith or in bad faith so far as purging the jury of a discrete group is concerned. *Commonwealth* v. *Thomas*, 19 Mass. App. Ct. 1, 4 (1984). "Sorting out whether a permissible or impermissible reason underlies a peremptory challenge is the function of the trial judge, and we do not substitute our judgment for his if there is support for it on the record." *Commonwealth* v. *DiMatteo*, 12 Mass. App. Ct. 547, 552 (1981). See also *Commonwealth* v. *Walker*, 379 Mass. 297, 301 (1979); *Commonwealth* v. *Reid*, 384 Mass. 247, 255-256 (1981); *Commonwealth* v. *Joyce*, 18 Mass. App. Ct. 417, 424 (1984). Contrast *Commonwealth* v. *Smith*, 12 Mass. App. Ct. 667, 675-676 (1981). See generally Smith, Criminal Practice and Procedure §§ 1723-1725 (2d ed. 1983). The principal disputed issue of fact to be tried in the instant case was whether the complaining witness had consented to sexual intercourse. The geography of Littleton and the credibility of police witnesses were not likely to be dispositive or even of any weight. Although the reasons offered had a veneer of plausibility, the judge was entitled to appraise them in context. On the over-all record, the judge was warranted in concluding that the grounds offered for the challenges of the last two women jurors were pretexts; that the motivation behind the challenges was a belief that women would be more sympathetic to the complaining witness and less sympathetic to the defendant. There was no abuse of discretion.

*Judgments affirmed.*

*Carlo Obligato*, Committee for Public Counsel Services, for the defendant.

*Kathy S. Rabin*, Assistant District Attorney, for the Commonwealth.